IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MAURICE ANTONIO HUNTER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-00060-CDL-GMF |
| | : | |
| ANTHONY NELSON, | : | |
| and THURBERT E. BAKER, | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus Petition |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts.

## Procedural History

On March 3, 2006, Petitioner, who is currently serving a sentence at Johnson State Prison, Wrightsville, Georgia, pled guilty to one count of aggravated assault and three counts of third-degree cruelty to children, for which he was sentenced to 10 years in prison. (R-1). Petitioner did not directly appeal his conviction. *Id.* Petitioner filed one state habeas petition in the Superior Court of Johnson County on June 6, 2008, which, after a hearing, was ultimately denied on January 30, 2009. *Id.* On June 2, 2009, Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254, currently under consideration. *Id.*

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) was enacted primarily

to put an end to the unacceptable delay in the review of prisoners' habeas petitions. *Hohn v. U.S.,* 524 U.S. 236, 264-65, 118 S. Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In *Kaufmann v. U.S.,* the Eleventh Circuit Court of Appeals considered "the date on which the judgment became final" for purposes of the AEDPA limitations period, 28 U.S.C. § 2244(d), to be the time at which "a judgment of conviction has been rendered, the availability of appeal exhausted, *and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.*" 282 F.3d 1336, 1338 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002) (citations and quotations omitted).

Here, Petitioner reports that he was convicted on March 3, 2006. Pursuant to O.C.G.A. § 5-6-38, Petitioner had 30 days in which to file a notice of appeal. Petitioner's conviction became final on April 2, 2006, when the time for filing a notice of appeal expired without Petitioner taking any action to directly appeal his case. *Id.* Accordingly, the AEDPA statute of limitations within which Petitioner could have filed a federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 began to run on April 2, 2006 and

expired on April 2, 2007. However, Petitioner did not file his federal habeas petition until June 2, 2009, over two years too late. A filing deadline cannot be complied with, substantially or otherwise, by filing even one day late. *Carlisle v. U.S.*, 517 U.S. 416, 430, 116 S. Ct. 1460, 1468 (1996). Thus, the AEDPA statute of limitations bars Petitioner's application.

Moreover, Petitioner's state habeas petition did not toll the AEDPA period of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner alleges that he filed his only state habeas petition in this case on June 6, 2008, more than a year after the AEDPA statute of limitations expired on April 2, 2007. The Eleventh Circuit Court of Appeals has held that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000).

Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations. WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 12th day of June, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml